IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES PADILLA                                                                                    PLAINTIFF

v.                                         CIVIL NO. 14-5259

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, James Padilla, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current application for DIB on July 25, 2011, alleging an inability to work since September 1, 2008,[1] due to heart conditions, depression, and anxiety. (Tr. 121, 125, 176). An administrative hearing was held on September 4, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 29-62).

---

[1] At the administrative hearing, Plaintiff, through his counsel, amended his alleged onset date to July 31, 2011. (Tr. 32-33).

1

By written decision dated March 22, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12). Specifically, the ALJ found Plaintiff had the following severe impairments: postural orthostatic tachycardia syndrome, chronic chest pain, a seizure disorder, attention deficit hyperactivity disorder (ADHD), major depressive disorder, generalized anxiety disorder/panic disorder, a personality disorder, and obsessive-compulsive disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except he must avoid even moderate exposure to hazards including no driving as part of work. He is able to perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and use of little judgment, and the supervision required is simple, direct, and concrete.

(Tr. 14). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a food preparation worker, a dishwasher, a production worker, and a hand packager. (Tr. 21-22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 13, 2014. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(C). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. § 404.1520.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

### III.    Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ erred in determining Plaintiff's RFC; and 2) the ALJ erred in assessing Plaintiff's credibility.

#### A.    Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record reveals that during the relevant time period Plaintiff helped care for his small child; helped with the household chores; prepared simple meals; took care of personal needs; reported that he was able to perform all activities of daily living without assistance; purchased household items online; indicated to examiners that he was taking college classes; and watched television and played card games with his family. The Court finds substantial evidence to support the ALJ's determination that Plaintiff's daily activities were not consistent with an inability to perform substantial gainful activity.

With respect to Plaintiff's alleged mental impairments, the record reveals that Plaintiff's depression and anxiety responded to treatment when taken as prescribed. The record further reveals that Plaintiff did not always take his medication as prescribed, and there is a question as to whether he attempted to receive medications from more than one provider. The record also reveals that in November of 2012, Dr. Stephen P. Nichols, a consultative examiner, conducted a mental evaluation of Plaintiff. Dr. Nichols then gave the following assessment:

> The claimant is able to perform all activities of daily living without assistance, although he is not allowed to drive an automobile. He has the ability to communicate and interact in a socially adequate manner, as evidenced by his behavior during the interview. He has the ability to communicate in an intelligible manner. His social skills are generally intact, but his ability to cooperate with supervisors and co-workers is reduced by his level of depression. His ability to cope with, concentrate on, and sustain persistence in completing tasks is limited by his personality disorder.

(Tr. 944). Dr. Nichols also completed a medical assessment wherein he opined Plaintiff had mild to moderate limitations. (Tr. 945-947). The Court finds substantial evidence to support the ALJ's determination that Plaintiff did not have a disabling mental impairment.

5

With regard to the Third Party Function Report completed by Plaintiff's wife, the ALJ properly considered this evidence but found it unpersuasive.  This determination was within the ALJ's province.  See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity.  Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### B. ALJ's RFC Determination and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the examining and non-examining agency

medical consultants; Plaintiff's subjective complaints; and his medical records. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). While Plaintiff argues that Dr. Nichols' opinion was not given proper weight, the record reveals that Dr. Nichols found Plaintiff had mild to moderate limitations in functioning, which the ALJ addressed when determining Plaintiff's RFC. After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

### C. Hypothetical Question to the Vocational Expert:

Before addressing the testimony of the vocational expert, the Court notes that the vocational expert's testimony was not completely consistent with the Dictionary of Occupational Titles (DOT). [W]hen expert testimony conflicts with the DOT, and the DOT classifications are not rebutted, the DOT controls." Porch v. Chater, 115 F.3d 567, 572 (8th Cir.1997). In this case, the ALJ addressed the inconsistency between the vocational expert testimony and the DOT and determined that the vocational expert made a reasonable explanation with respect to the inconsistency. The Court finds substantial evidence to support this determination.

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set

7

forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's testimony constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a food preparation worker, a dishwasher, a production worker, and a hand packager. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 11th day of December, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE